**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSE GERARDO AVALOS,
Petitioner,
v.
ERIC PINHERO, et al.,
Respondents.

Case No. 5:26-cv-05125-SP

**MEMORANDUM OPINION AND ORDER GRANTING PETITION**

## I.
## INTRODUCTION

On September 3, 2026, petitioner Jose Gerardo Avalos, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends his detention violates his right to procedural and substantive due process under the Fifth Amendment. Petitioner seeks a bond hearing, as well as declaratory and other injunctive relief.

On September 11, 2026, respondents filed a Response. Docket no. 8.

The court ordered the parties to supplement the record. Docket no. 9. On September 22, 2026, respondents filed exhibits ("R. Supp."). Docket no. 10. Petitioner did not respond to the court's order, but did file a Traverse on November 2, 2026. Docket no. 11.

For the reasons discussed below, the court grants the Petition and issues a writ of habeas corpus requiring respondents to provide petitioner with an individualized bond hearing pursuant to § 1226(a) within seven days.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Pet. ¶ 13.[1] Petitioner first entered the United States on an unknown date. *See* R. Supp., Ex. C, Tab A. Petitioner was granted voluntary departure on June 30, 2011 and removed to Mexico on July 1, 2011. *Id.*, Tabs A, D. In March 2015, petitioner re-entered the United States without inspection. Pet. ¶ 20. Petitioner has substantial ties to the United States, including a U.S. citizen child. *Id*. ¶ 22.

Petitioner has a long criminal history and was arrested multiple times between November 2, 2000 and May 21, 2026. *See* R. Supp., Ex. C, Tabs A, B. Petitioner currently has a pending case for felony vandalism. *See id.*

On June 23, 2026, petitioner was detained by immigration officers in a targeted enforcement operation. *See id.*, Tab A. Petitioner was served with a Notice to Appear but was not provided a bond hearing. Pet. ¶ 23; R. Supp. at 2, Ex. B.

Petitioner alleges he suffers from stage III testicular cancer and diabetes, and requires specialized medical care. Pet. ¶¶ 24-25. Since his detention, petitioner

---

[1] The Petition is signed by petitioner's counsel and attaches a separate electronically signed verification by petitioner. *See* docket no. 1. The verification includes at least one inaccurate statement – petitioner's alien registration number. *Compare* docket no. 1 at 11, ¶ 4 and docket no. 10, Exs. A-C; *see also* https://acis.eoir.justice.gov/en/.

developed an infection. *Id.* ¶ 26. Petitioner has not received adequate, timely, and appropriate medical care for his conditions. *Id.* ¶ 27.

**III.**

**<u>DISCUSSION</u>**

Petitioner effectively raises two claims for relief, that his detention violates: (1) his Fifth Amendment right to procedural due process; and (2) his Fifth Amendment right to substantive due process. *Id.* ¶¶ 36-51. Respondents concede petitioner is entitled to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Response at 2.

**A. <u>This Court Has Jurisdiction Over the Claims in the Petition</u>**

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues his detention violates the Due Process Clause of the Fifth Amendment. *See* Pet. ¶¶ 36-51. He has therefore properly invoked this court's habeas jurisdiction.

The Immigration and Nationality Act contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has

been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B. <u>Petitioner Is Entitled to a Bond Hearing Under § 1226(a)</u>**

Respondents concede that petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is therefore entitled to a bond hearing pursuant to *Rodriguez Vazquez*. Response at 2. In his Traverse, petitioner attacks some of the supplemental exhibits respondents submitted, but petitioner also affirms, as stated in the Petition, that he is primarily seeking the individualized bond hearing that respondents agree he is entitled to. *See* Pet. at 9; Traverse at 5. The court agrees that petitioner is entitled to an individualized bond hearing under *Rodriguez Vazquez*.

In *Rodriguez Vazquez*, the Ninth Circuit held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez*, 183 F.4th at 1165. Noncitizens detained under § 1226(a) are subject to discretionary detention and are entitled to a bond hearing. *Id*. at 1170.

*Rodriguez Vazquez* affirmed the reasoning underlying the judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). In *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. The Bond Eligible Class certified in *Bautista* is

defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127. The *Maldonado Bautista* court also later vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*,[2] finding it contrary to current law under the Administrative Procedure Act. *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026), appeal filed, *sub nom. Bautista v. U.S. DHS*, No. 26-1044 (9th Cir. Feb. 23, 2026).

Respondents admit petitioner is subject to the detention regime of § 1226(a) and do not oppose him receiving an individualized bond hearing. Response at 2. Petitioner is a noncitizen who entered without inspection and was apprehended in the interior of the United States. Pet. ¶ 20. Petitioner is therefore entitled to an individualized bond hearing under § 1226(a).[3]

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents: shall provide petitioner Jose Gerardo Avalos (A# 095-722-447) with an individualized bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order (unless a continuance of the hearing is granted at the request of petitioner); or shall release petitioner if no bond hearing is

---

[2] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border." *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

[3] Petitioner argues that respondents have violated his right to procedural and substantive due process under the Fifth Amendment. Pet. ¶¶ 36-51. Because the court has already concluded that petitioner is entitled to an individualized bond hearing under § 1226(a), it need not address petitioner's constitutional claims.

held within seven days (unless a continuance of the hearing is granted at the request of petitioner); and (3) respondents shall file a status report no later than **November 16, 2026** regarding their compliance with this Order.

Dated: November 4, 2026

SHERI PYM
United States Magistrate Judge